## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

LAURA H.G. O'SULLIVAN.,      *
                           *

Plaintiff,               *
                           *

v                      *      Civil Action No.  RDB-16-1768
                           *

ERIC CADE,             *
DORIS D. CADE,        *
                           *

Defendants.           *
                         ***

## MEMORANDUM OPINION

On May 31, 2016, Eric Cade,[1] a self-represented litigant, filed notice to remove an *in rem* foreclosure proceeding, case number 24-O-13-003240, from the Circuit Court for Baltimore City, Maryland. (ECF No. 1).  On June 28, 2016, Plaintiff Laura O'Sullivan, by her counsel, filed a Motion to Remand this matter as improperly removed. (ECF No. 10). For the reasons to follow, this Court will GRANT the Motion to Remand.

## BACKGROUND

The state foreclosure case involves real property known as 139 North Edgewood Street, Baltimore, Maryland 21229.  Cade also seems to name in this action substitute trustees under the deed of trust secured against the real property.  (ECF 1).  The foreclosure action was filed in the Circuit Court for Baltimore City on August 26, 2013. *See* http://casesearch.courts.state.md. us/ casesearch/ inquiryByCaseNum.jis.

The foreclosure sale was held on June 3, 2016, and resulted in the sale of the property to the Noteholder, Christina Trust, a division of Wilmington Savings Fund Society, FSB, as trusts for Sunset Mortgage Loan Trust, Series 2014-1. (ECF No. 10, 11).  Plaintiff states Cade has not

---

[1]  The Notice of Removal was filed only by Eric Cade. (ECF No. 1, 3).

filed any recent motions in the Circuit Court for relief as to the Order to Docket Suit, as permitted by Md. Rule 14-211 or 14-305, nor has that Court entered any order staying the foreclosure sale. (ECF No. 10).

While the arguments presented in the notice of removal are difficult to discern and sometime unintelligible, Cade, who is a self-represented litigant, appears to assert the Circuit Court has or had no authority to hear the foreclosure action.  He maintains generally that the "Circuit Court for Baltimore City has limited jurisdiction to hear, prosecute, or bring any case against him" under the Federal Rules of Civil Procedure 4(j), 12(b)(1)-(6) and the Fourth, Fifth, Ninth, Tenth, Eleventh, and Fourteenth Amendments of the Constitution because he is "not subject to a Foreign State." (ECF No. 1 at 1). Cade also mentions the Fair Debt Collections Practices Act, 15 U.S.C. §1692, sovereign and state immunity, and the rights of Americans in foreign states in the Notice of Removal to seemingly support his contention the Circuit Court lacks authority over the foreclosure. Cade maintains the state foreclosure action "must be vacated for lack of in rem, in personam jurisdiction, territorial and subject matter jurisdiction, as well as for improper venue, as well as pursuant to the 11th Amendment Foreign State Immunity."  (ECF 1 at 8).

## DISCUSSION

As a threshold matter, Cade's removal of the foreclosure proceeding was untimely. A proceeding must typically be removed within 30 days of the receipt of the initial pleading by the defendant. 28 U.S.C. § 1446 (b).  When a defendant fails to timely remove a case, the right to remove is forfeited. *See McKinney v. Bd. of Trustees of Mayland Cmty. Coll.*, 955 F.2d 924, 925 (4th Cir. 1992).  Here, removal occurred more than two years after the action commenced and is untimely.  Moreover, Cade does not assert good cause for untimely removal.

Even if removal were timely, Cade does not assert grounds for this court to exercise jurisdiction over this case.  Under 28 U.S.C § 1441(a),  "a civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."   Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," pursuant to 28 U.S.C. § 1331, as well those "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States," pursuant to 28 U.S.C. § 1332(a).  The burden of demonstrating jurisdiction, and the propriety of removal, rests with the removing party. *Dixon v. Coburg Dairy, Inc*., 369 F.3d 811, 815 (4th Cir. 2004).  "[F]ederal courts are courts of limited jurisdiction, [and] should construe removal statutes narrowly, [with] any doubts ... resolved in favor of state court jurisdiction." *Barbour v. Int'l, Union*, 640 F.3d 599, 617 (4th Cir. 2011) (en banc) (abrogated in part other grounds). "[B]efore a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006).

 "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co*., 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09 (1941)); *see also Cohn v. Charles*, 857 F.Supp.2d 544, 547 (D. Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court."). Cade, the party invoking removal jurisdiction, bears the burden of showing removal is proper. *Mulcahey*, 29 F.3d at 151 ("The burden of establishing federal jurisdiction is placed upon the party seeking removal."). "If federal jurisdiction is doubtful, a remand is necessary." *Id*.

"[A] claim of federal question jurisdiction is to be resolved on the basis of the allegations of the complaint itself." *Burgess v. Charlottesville Sav. and Loan Assoc.,* 477 F.2d 40, 43 (4th Cir. 1973). Therefore, a complaint must contain allegations affirmatively and distinctly establishing federal grounds not in mere form, but in substance and not in mere assertion, but in essence and effect. *Id.* (citing *Cuyahoga Co. v. Northern Ohio Co*., 252 U.S. 388, 397 (1920)). "[T]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit." *Burgess*, 477 F.2d at 42 (citing *Malone v. Gardner*, 62 F.2d 15, 18 (4th Cir. 1932)).

Cade does not specify on what basis this Court has jurisdiction over this case. (ECF No. 1). Further, Plaintiff asserts that Cade did not raise constitutional or federal claims in the state foreclosure proceeding, and even if he had pled these alleged violations as affirmative defenses or counterclaims in the state action, they fail to give rise to federal question jurisdiction, because "'the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed...It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim.'" *Herman v. Lincoln Nat'l Life Ins. Co.,* 842 F. Supp. 2d 851, 853 (D. Md. 2012) (quoting *Metro Ford Truck Sales, Inc. v. Ford Motor* Co., 145 F.3d 320, 326–27 (5th Cir. 1998) (citing 14 C. *Wright & A. Miller, Federal Practice and Procedure* § 3722, at 557)). Therefore, this Court does not have federal question jurisdiction. *See* 28 U.S.C. § 1331a.

Further, Plaintiff maintains no diversity of citizenship exists between the parties and "upon information and belief all parties reside in Maryland." (ECF No. 10). Therefore, this Court does not have diversity of the party's jurisdiction. *See* 28 U.S.C. § 1332.

For these reasons, this Court concludes there is no basis exists for federal question or diversity jurisdiction.

**CONCLUSION**

Accordingly, the Court shall remand this case to the Circuit Court for Baltimore City.  A

separate Order follows.


_  June 29, 2016____                    _____/s/_____
Date                                                    RICHARD D. BENNETT
                                                           UNITED STATES DISTRICT JUDGE